IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DARRYL RANKINS                                                                                  PLAINTIFF

v.                                        NO. 5:12CV00425 JLH

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration[1]                                                        DEFENDANT

## OPINION AND ORDER

Darryl Rankins has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

The Court reviews to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing whether substantial evidence supports the Commissioner's decision, the Court must consider evidence that detracts from the decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. She is therefore substituted for Michael J. Astrue pursuant to Fed. R. Civ. P. 25(d).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3).

Rankins alleged that he was limited in his ability to work by a ruptured disc, degenerative disease and high blood pressure. Tr. 163. The Commissioner found that he was not disabled within the meaning of the Social Security Act. The issue here is whether the Commissioner's decision that Rankins was not disabled within the meaning of the Act is supported by substantial evidence.

Rankins' claim was denied initially and upon reconsideration. Tr. 40-41. He then requested a hearing by an Administrative Law Judge. Tr. 52-53.

After conducting an administrative hearing at which Rankins and a vocational expert testified, the ALJ concluded that Rankins had not been under a disability within the meaning of the Social Security Act at any time from August 20, 2009, his alleged onset date, through April 28, 2011, the date of his decision. Tr. 19. On September 20, 2012, the Appeals Council received and considered additional evidence and then denied Rankins' request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. Tr. 1-5. Rankins then filed his complaint initiating this appeal. Document #2.

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

2

Rankins was 51 years old at the time of the hearing. Tr. 26. He had obtained his General Equivalency Diploma.[2] Tr. 27. He has past relevant work as a forklift operator, bakery worker, and construction laborer. Tr. 18, 37, 164.

The ALJ considered Rankins' impairments by way of the required five-step sequential evaluation process. The first step is to determine whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i) (2010). If the claimant is engaged in substantial gainful activity, benefits are denied, regardless of the claimant's medical condition, age, education or work experience. *Id*. § 404.1520(b). Step 2 is to determine whether the claimant has an impairment or combination of impairments that is "severe" and meets the duration requirement. *Id*. § 404.1520(a)(4)(ii). If not, benefits are denied. *Id*. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id*. § 404.1520(c). Step 3 is to determine whether the severe impairment meets or equals a listed impairment. *Id*. §§ 404.1520(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id*. If the claimant does not meet or equal a listed impairment, then a residual functional capacity assessment is made. *Id*. § 404.1520(a)(4). This residual functional capacity assessment is used at Steps 4 and 5. *Id*. Step 4 is to determine whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id*. § 404.1520(a)(4)(iv). If so, benefits are denied. *Id*. Step 5 is to determine whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id*. § 404.1520(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id*.

The ALJ found Rankins had not engaged in substantial gainful activity since his alleged onset date. Tr. 12. He found that Rankins had the following "severe" impairments: degenerative disc and

---

[2] In his Disability Report–Adult, he indicated he had completed the twelfth grade. Tr. 164.

3

joint disease of the lumbar spine and coronary artery disease. *Id*. He found that Rankins did not have an impairment or combination of impairments that met or equaled a listed impairment. Tr. 14. He judged that Rankins' allegations regarding his limitations were not totally credible. Tr. 17.

The ALJ found that Rankins retained the residual functional capacity for light work as defined in 20 C.F.R. § 404.1567(b). Tr. 14. He determined Rankins was unable to perform his past relevant work. Tr. 18. Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy—for example, mail room clerk and office helper—that Rankins could perform, notwithstanding his limitations. Tr. 19.

Rankins first contends that the ALJ's residual functional capacity determination is not supported by substantial evidence. On January 14, 2011, Rankins underwent a comprehensive functional capacity evaluation by Arkansas Neurosurgery Brain and Spine. Tr. 274-89. Even though Rankins gave what was deemed to be unreliable effort, he demonstrated the ability to perform "AT LEAST in the MEDIUM classification of work." Tr. 274-75. He demonstrated the ability to lift, carry, and push the equivalent of up to fifty pounds occasionally and twenty-five pounds frequently. Tr. 276. He could walk frequently and sit and stand constantly. *Id*. In addition, a state agency medical consultant, Steven Strode, M.D., also concluded that Rankins had the ability to perform light work. Tr. 232-39. Thus, there is substantial evidence in the record to support the ALJ's residual functional capacity determination.

Rankins next argues that the ALJ improperly discounted the opinion of Dr. Lester Alexander, Rankins' treating physician. Dr. Alexander completed a form titled "Medical Source Statement Concerning the Nature and Severity of an Individual's Physical Impairment" for Rankins on

January 4, 2011. Dr. Alexander wrote that Rankins could sit from 0-2 hours in an eight-hour day; could stand or walk from 0-2 hours in an eight-hour day; should not sit continuously in a work setting; had significant limitations in doing repetitive reaching, handling, fingering, or lifting; must use a cane or assistive device to stand or walk; could not keep his neck in a constant position; could not do a full-time competitive job that requires activity on a sustained basis; needs to avoid wetness, stooping, pushing, kneeling, heights, pulling, and bending; would likely be absent from work more than three times per month as a result of his impairments; and takes medications daily that cause drowsiness. Tr. at 270-73. He also wrote that Rankins was no longer under his care. Tr. at 272.

Under the social security regulations, an ALJ generally must give controlling weight to a treating physician's medical opinion if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011) (internal quotation marks omitted); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). A treating physician's opinions regarding diagnosis, symptoms, and severity of an applicant's impairment, as well as what the applicant is capable of doing, are considered medical opinions that deserve controlling weight. *See Ellis v. Barnhart*, 392 F.3d 988, 995 (8th Cir. 2005). Whether the ALJ gives a treating physician's medical opinion controlling or little weight, the regulations require that the ALJ "always give good reasons" for the weight accorded to a treating physician's medical opinion. *Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005); *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

An ALJ cannot discount a medical source statement *ipso facto*, *see Reed*, 399 F.3d at 921 ("An MSS is a checklist evaluation in which the responding physician ranks the patient's abilities, and

[it] is considered a source of 'objective medical evidence.'" (quoting *Burress v. Apfel*, 141 F.3d 875, 879 (8th Cir. 1998))). The ALJ, however, can discount a medical source statement when the limitations expressed in the medical source statement are not supported by other medical evidence in the record. *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) ("None of [the restrictions listed in medical source statement] appear elsewhere in [Dr. Brockman's] medical records for Hogan."); *see also Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) ("'The checklist format, generality, and incompleteness of the assessments limit [the assessments'] evidentiary value.' . . . '[A] treating physician's opinion deserves no greater respect than any other physician's opinion when [it] consists of nothing more than vague, conclusory statements.'" (quoting *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001), and *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996))).

Here, the ALJ discounted Dr. Alexander's conclusion regarding Rankins' functional capacity because it was not supported by, and instead was contradicted by, Rankins' medical records. As discussed, on January 14, 2011, a certified disability analyst performed a functional capacity evaluation on Rankins and, as the ALJ noted, found that Rankins was capable of performing work-related activity at the medium exertion level. *See* Tr. at 17, 275. The ALJ correctly noted that Dr. Alexander's conclusions were not supported by clinical or laboratory findings. Tr. at 17. Further, the ALJ explained that Dr. Strode examined Rankins' medical records and concluded that Rankins could occasionally lift and carry twenty pounds, could frequently lift and carry ten pounds, could stand or walk for about six hours in an eight-hour workday, could sit for about six hours in an eight-hour workday, and did not have limitations in pushing or pulling. Tr. at 17, 233; *cf. Phillips v. Colvin*, 721 F.3d 623, 629 (8th Cir. 2013) ("The trier of fact has the duty to resolve [conflicting medical evidence]."). For these reasons, substantial evidence existed for the ALJ to discount

Dr. Alexander's opinion. Moreover, the ALJ gave a detailed explanation of his good reasons for discounting Dr. Alexander's opinion.

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401, 91 S. Ct. at 1427; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, that decision is affirmed.

## CONCLUSION

The Court affirms the final determination of the Commissioner. Darryl Rankins' complaint is dismissed with prejudice.

IT IS SO ORDERED this 13th day of January, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE